IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRUCE J. TEAGUE,
# K-88876,

           **Plaintiff,**

vs.                                     Case No. 17-cv-00003-DRH

FOOD SUPERVISOR JOHNSON,
WARDEN J. LASHBROOK, and
UNKNOWN PARTIES,[1]

           **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is now before the Court for consideration of the Fourth Amended Complaint (Doc. 13) filed by plaintiff Bruce Teague on February 22, 2017. (Doc. 13). Plaintiff claims that officials at Pinckneyville Correctional Center ("Pinckneyville") served him spoiled chicken on October 14, 2016. (Doc. 13, p. 5). As a result, he suffered from food poisoning. *Id*. Plaintiff now brings a claim of negligence against these officials. *Id*. He invokes the Fourth and Eighth Amendments in support of this claim. *Id*. Plaintiff seeks monetary relief. (Doc. 13, p. 6).

The Fourth Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which provides:

---

[1] On April 3, 2017, Plaintiff filed a Supplement (Doc. 19) to his Fourth Amended Complaint, in which he names the following dietary supervisors in place of the unknown defendants: Harris, Hastings, Lawrence, Virgileni, and Mrs. Dee. The Clerk will be directed to substitute the names of these specific individuals in place of the unknown "Doe" defendants on the docket sheet in CM/ECF.

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Fourth Amended Complaint does not survive screening under this standard and shall be dismissed.

### Fourth Amended Complaint

Plaintiff alleges that he was served spoiled pulled chicken for dinner at Pinckneyville on October 14, 2016. (Doc. 13, p. 5). He smelled a foul odor emanating from his food tray and immediately reported it to an unknown

lieutenant who worked in dietary. *Id*. The lieutenant said that nothing was wrong with his food. *Id*. Plaintiff then reported the issue to the kitchen supervisor, who also said that nothing was wrong with the food. *Id*.

Plaintiff proceeded to eat the food. (Doc. 13, p. 5). Shortly after doing so, he began experiencing stomach pain and extreme body pain. *Id*. He became ill and began vomiting. *Id*. He lost bowel control. *Id*.

Plaintiff was diagnosed with salmonella. (Doc. 13, p. 5). He remained sick for a "couple weeks." *Id*. During this time, he describes tremendous pain, and he was "afraid to eat." *Id*. However, plaintiff does not claim that he missed any meals or was denied appropriate medical care for his condition. *Id*.

He blames the entire incident on the negligence of the kitchen lieutenant and dietary staff. (Doc. 13, p. 5). He asserts that these individuals are supposed to make sure that inmate food is safe to eat. *Id*. By failing to do so, they allegedly violated plaintiff's rights under the Fourth and Eighth Amendments. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claim in Plaintiff's *pro se* Fourth Amended Complaint into the following count:

**Count 1 -** Defendants violated plaintiff's rights under the Eighth Amendment when they served him spoiled pulled chicken on October 14, 2016.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

Plaintiff's claim is governed by the Eighth Amendment,[2] which protects prisoners from cruel and unusual punishment. U.S. Const. amend. VIII. The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001). This includes the obligation to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985) (citing *Ramos v. Lamm*, 639 F.2d 559, 570-71 (10th Cir. 1980)).

Eighth Amendment claims contain an objective and a subjective component. To satisfy the objective component, plaintiff must demonstrate that the defendants' food handling and preparation denied him "the minimal civilized measure of life's necessities" consistent with contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To satisfy the subjective component of this claim, Plaintiff must also demonstrate that the defendants acted with a sufficiently culpable state of mind, which, in this case is deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is shown when an

---

[2] Plaintiff asserts a claim against the defendants under the Fourth and Eighth Amendments. It is unclear why he has invoked the Fourth Amendment. He does not offer any reason for doing so. As discussed in this Order, Plaintiff's claim is governed by the Eighth Amendment.

4

official is aware of and disregards an excessive risk posed to an inmate's health. *Id.*

Contaminated food may pose a serious risk to an inmate's health. Although one spoiled meal will usually not deprive an inmate of basic nutritional needs, it may compromise his health and result in unnecessary pain and suffering. *Chavis v. Fairman*, 51 F.3d 275, *3 (7th Cir. 1995) ("Unlike the persistent provision of inedible meals, occasional service of spoiled food cannot be said to deprive inmates of basic nutritional needs."). For purposes of this screening order, the Court will assume, without deciding, that the objective component of this claim is satisfied.

The subjective component of the claim is not. The allegations do not suggest that any of the defendants exhibited deliberate indifference to plaintiff. He describes a single incident in which he was served rancid food. (Doc. 13, p. 5). This Court has dismissed a similar claim at screening as frivolous and for failure to state a claim upon which relief may be granted. *See, e.g., Perez v. Sullivan*, 100 F. App'x 564, *2 (7th Cir. 2004) (dismissing Eighth Amendment claim brought by inmate who became very ill after ingesting spoiled milk on one occasion as frivolous). The Seventh Circuit upheld the decision. *Id.*

In contrast to an isolated incident, multiple occurrences of food contamination may give rise to a deliberate indifference claim against prison officials. Repeated instances of food contamination suggest a possible systemic problem in the handling and preparation of food. Allegations of subsequent

occurrences could plausibly suggest that prison officials knew of and disregarded an excessive risk posed to inmate health by the contaminated food.

The same cannot be said of a single episode where there is no prior notice of problems with food contamination. Even here, where plaintiff notified officials about a foul odor, he makes no claim that they already knew that the chicken was contaminated or that the food was handled or prepared improperly. The fact that plaintiff ate his food after complaining about it suggests that even he was not convinced that the food was spoiled. *See also McRoy v. Aramark Correctional Servs., Inc.*, 268 F. App'x 479 (7th Cir. 2008) (no deliberate indifference where inmate notified guard that his undercooked chicken was "bloody" on one occasion, his milk smelled "sour" and tasted "terrible" on six occasions, and his sandwich meat was spoiled on three occasions, where inmate offered a replacement when available, staff retrained on proper food handling, and no further incidents occurred). *But see Prude v. Clarke*, 675 F.3d 732, 734 (7th Cir. 2012) (reversing dismissal of Eighth Amendment claim brought by inmate who notified jail officials that he and other inmates became seriously ill and began vomiting after consuming a regular diet of nutriloaf but no action was taken to change the diet).

At most, plaintiff describes negligence on the part of those prison officials who served him spoiled food. (Doc. 13, p. 5). But negligence, or even gross negligence, does not violate the Eighth Amendment. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). He does

6

not describe a longstanding pattern of improper food handling and preparation that culminated in this incident. (Doc. 13, p. 5). When plaintiff informed the prison officials of the foul odor of his food, they revealed no prior knowledge that it was tainted or would cause illness. *Id*. Plaintiff provides no indication that they were aware of a serious risk posed by the spoiled food when they assured him that it was fine. *Id*. He mentions no subsequent episodes. *Id*. This was, by all indications, a one-time occurrence and, at most, negligence. *Id*. The Eighth Amendment claim in Count 1 shall be dismissed with prejudice against the defendants for failure to state a claim upon which relief may be granted.

## Pending Motions

**1.     Motion for Service of Process at Government Expense (Doc. 4)**

Plaintiff's Motion for Service of Process at Government Expense is **DENIED** as **MOOT**.

**2.     Motion for Recruitment of Counsel (Doc. 14)**

Plaintiff's Motion for Recruitment of Counsel (Doc. 14) is also **DENIED**. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure

counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff filed an incomplete motion. (Doc. 14). He used this Court's standard form, but he only filed the first page of it. He left most of that page blank, including the question which asks plaintiff to disclose his efforts to locate counsel on his own. (Doc. 14). This is the second time that plaintiff has requested the Court's assistance in seeking counsel to represent him in this matter. (Doc. 3). Both times, he disclosed no efforts to locate counsel on his own before doing so. (Docs. 3, 14). Having failed to meet this threshold requirement, the Court deems it appropriate to deny plaintiff's request for counsel again.

## Disposition

The Clerk is **DIRECTED** to **SUBSTITUTE** the following individuals in place of the unknown "Doe" defendants on the docket sheet in CM/ECF: **HARRIS, HASTINGS, LAWRENCE, VIRGILENI,** and **MS. DEE**.

**IT IS HEREBY ORDERED** that the Eighth Amendment claim in **COUNT 1** is **DISMISSED** with prejudice against the defendants for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Fourth Amended Complaint (Doc. 13) and this action are **DISMISSED** with prejudice on the same ground.

**IT IS ORDERED** that Defendants **JOHNSON, HARRIS, HASTINGS, LAWRENCE, VIRGILENI, MS. DEE,** and **WARDEN LASHBROOK** are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2);

*Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 10, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.05.10 10:54:23 -05'00'

**United States District Judge**